### RAPP v. HUTCHINSON STAIR ELEVATOR CO.

(Supreme Court, Appellate Term.   March 24, 1904.)

1. CORPORATIONS—ACTS OF PRESIDENT.
    A corporation is chargeable with the acts and admissions of its president, as a general agent.

2. MOTION TO DISMISS COMPLAINT.
    Failure to move to dismiss the complaint at the close of plaintiff's case, or of the whole case, is an admission that there is a question of fact.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by John V. B. Rapp against the Hutchinson Stair Elevator Company.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Morris & Fay, for appellant.
Phillips & Avery, for respondent.

FREEDMAN, P. J.   The work performed and materials furnished and sued for in this action were so done and furnished partly under a written and partly under an alleged verbal contract, the verbal agreement being subsequent to the written one.   The items under the verbal agreement amount to $557.22, and it is as to those items that the defendant claims the judgment herein should be reversed; his contention being that the plaintiff failed by a preponderance of evidence to show the making of such verbal agreement at all, and that, if any such verbal agreement was made, it was not binding upon the defendant.   An examination of the record does not sustain

¶ 1. See Corporations, vol. 12, Cent. Dig. § 1688.

the defendant's claims. The testimony as to whether or not the alleged verbal agreement was made was one of fact, upon which there was conflicting evidence. If it was made at all, it was made, concededly, between the plaintiff and the president of the company; and, in view of the broad executive authority to be implied from the office of president, it is proper to charge the corporation with his acts and admissions as a general agent.

No motion was made by the defendant to dismiss the complaint either at the close of plaintiff's case, or at the close of the whole case; the defendant thereby admitting that there was a question of fact for the court.

Judgment affirmed, with costs. All concur.